THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ERIC LILLYWHITE,

        Plaintiff,

    v.

AECOM *et al.*,

        Defendants.

CASE NO. C18-1840-JCC

ORDER

This matter comes before the Court on the parties' stipulated motion for entry of a protective order (Dkt. No. 33). The Court hereby GRANTS the motion and ENTERS the following protective order:

1.     Discovery in this action is likely to involve production of confidential, statutorily protected, or private information, or other material that is exempt from public disclosure or for which special protection may be warranted. This agreement is consistent with Western District of Washington Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

2.     This order shall be applicable to and govern all depositions, documents,

information, or things produced with initial disclosures and/or in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken under the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington, and other information which the producing party designates as "CONFIDENTIAL," hereinafter furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with this action.

3. The following information may be designated as CONFIDENTIAL: employment, personnel, health, financial, regulatory and private information about Plaintiff, Defendants, current and former employees of any defendant, or third parties that is not publicly available.

4. Parties shall designate records as confidential information by labeling them as CONFIDENTIAL prior to production. Deposition or other pretrial or trial testimony meeting the criteria specified in paragraph 3 above may be designated CONFIDENTIAL by a statement on the record by counsel during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL. Only those portions or excerpts of a deposition consisting of confidential material shall be designated as CONFIDENTIAL. Deposition or other pretrial testimony meeting the criteria specified in paragraph 3 above also may be designated as CONFIDENTIAL by stamping a CONFIDENTIAL legend on the transcript of such testimony and serving copies on the other parties within 30 days after the transcript is received by the designating party, regardless of whether any confidentiality designation was made on the record at the time the testimony was given.

5. A CONFIDENTIAL designation by a party shall be made in good faith.

6. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. Failure to challenge the propriety of any CONFIDENTIAL designation shall not constitute an admission as to the propriety of that designation.

7. Counsel for such parties shall make a good faith effort to confer to resolve by agreement any differences as to the use or designation of information as CONFIDENTIAL prior to bringing the issue to the Court.

8. All documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, if not available in any other source, shall be used solely for the purpose of preparing and litigating claims in this lawsuit, shall not be disclosed, published in any medium by any party, or disseminated except as provided for in Paragraph 9 below. Any use of documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, that is inconsistent with this order shall be a breach of its terms.

9. Except as may be otherwise agreed by the parties, or ordered by the Court, disclosure of documents and testimony designated as CONFIDENTIAL, and all information derived therefrom, shall be limited to:

    (a) A party, or an employee of a party to whom it is necessary that the information be shown for purposes of preparing or litigating this lawsuit;

    (b) Counsel for a party, or an employee of counsel for a party to whom it is necessary that the information be shown for purposes of preparing or litigating this lawsuit, such as any paralegal assistants, or other support staff assisting counsel in the preparation of this lawsuit;

    (c) An expert, consultant, or third party consulted or retained by a party or such party's counsel to assist in preparing or litigating this lawsuit;

    (d) The Court and any court staff;

    (e) A court reporter at deposition, hearing, or trial;

    (f) A witness, as well as the witness's counsel, if any, in this lawsuit, at the deposition of such witness, or during the witness's trial testimony, or in preparation for their testimony and/or deposition, if the witness is an author or is copied on the document; and

1          (g)    A third-party neutral retained by the parties to assist in resolution of this lawsuit.

10. Each person described in Paragraph 9(c) or Paragraph 9(f), to whom the disclosure of documents and testimony designated as CONFIDENTIAL and all information derived therefrom is permitted pursuant to this order, shall be provided with a copy of this order, and shall agree in writing to be bound thereby prior to such disclosure by signing an acknowledgment in the form attached hereto as Exhibit A, or in any form substantially similar to Exhibit A.

11. Nothing in this order shall preclude any party from using CONFIDENTIAL information during hearings, court proceedings, and/or motion practice if the party reasonably believes the CONFIDENTIAL information is necessary for the hearing, court proceeding, and/or motion practice. In the event that a party intends to enter any CONFIDENTIAL information of another into evidence, other than at trial, the disclosing party shall either: (a) provide the other party's counsel with the best practical notice of its intent to file such CONFIDENTIAL information and will provide reasonable opportunity for the other party to obtain an order requiring that such CONFIDENTIAL information be filed under seal pursuant to any applicable General Rules and/or Local Rules of the Court; or (b) file a stipulation and proposed order to seal or motion to seal the CONFIDENTIAL information pursuant to any applicable General Rules and/or Local Rules of the Court. The stipulation or motion can either be filed before or concurrent with the document filed under seal. Where reasonably practical, only those portions of documents or pleadings consisting of CONFIDENTIAL information shall be filed or lodged under seal.

12. It shall be a violation of this order for any party to this case, or his or her counsel, to disclose CONFIDENTIAL information except as set forth in this order. Any summary exhibits derived from CONFIDENTIAL information that is not available from any other source shall also be governed by the terms of this order. Notwithstanding the preceding, nothing in this order shall

in any way limit or preclude either party from using any of the CONFIDENTIAL information that it has created or maintained for any of the business purposes for which it was created or maintained.

13. Nothing in this order shall bar, or otherwise restrict, any attorney in this matter from rendering advice to his or her client with respect to this lawsuit or doing anything reasonably necessary to prosecute or defend this lawsuit.

14. Nothing in this order shall be construed to prohibit a party from seeking an order compelling the production of CONFIDENTIAL information.

15. Nothing in this order shall preclude a party from pursuing a protective order or moving to seal any portion of the Court file at any time if such action is deemed necessary by either party in either party's sole discretion.

16. This order shall remain in force and effect until further order of the Court.

17. Insofar as the provisions of this order restrict the use of CONFIDENTIAL information, this order shall continue to be binding after the conclusion of this lawsuit.

18. When this action, including entry of judgment or appeal, concludes and within 30 days after this lawsuit has been finally terminated, a producing party may request the return or destruction of all CONFIDENTIAL information produced in this lawsuit, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for up to six years as required by the Rules of Professional Conduct. After the termination of this action, this order shall continue to be binding upon the parties hereto, and all persons to whom CONFIDENTIAL information has been disclosed or communicated.

19. Any modification of this order must be approved and signed by the Court. Nothing in this order shall prohibit any party from seeking to modify any provision of this order upon good cause shown. The Court may modify this order on its own motion after notice to the parties and an opportunity to be heard.

20. This order is without prejudice to any party's right to demand or oppose discovery on any grounds permitted by the Federal Rules of Civil Procedure and is without prejudice to any other party's right to contest any such assertions.

DATED this 30th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

## ACKNOWLEDGEMENT

The undersigned, _____, in connection with the case of *Lillywhite v. AECOM*, Case No. C18-1840-JCC (W.D. Wash.), hereby acknowledges that s/he received a copy of the order in that action, has read the order, understands it, and agrees to be bound by all the provisions thereof.

DATED this _____ day of _____, 20___.

_____
Signature

_____
Print Name

_____
Nature of involvement in case

_____
Company name and address

_____
Telephone number