THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC LILLYWHITE,<br><br>                            Plaintiff,<br><br>        v.<br><br>AECOM, *et al.*,<br><br>                            Defendants. | CASE NO. C18-1840-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for a protective order (Dkt. No. 67) and motion to quash Defendants' subpoena (Dkt. No. 69.) Having considered the parties' filings and the relevant record, the Court hereby DENIES the motion for a protective order and GRANTS the motion to quash for the reasons explained herein.

## I.      BACKGROUND

Defendant AECOM employed Plaintiff as an environmental scientist from May 1992 to October 2016. (Dkt. No. 21 at 5, 10.) Late in the summer of 2016, AECOM assigned Plaintiff to work on a field project on Amchitka Island, Alaska. (*Id.* at 5.) During the project, Plaintiff burned himself while disposing of 25vL methanol. (*Id.* at 7.) AECOM terminated Plaintiff's employment while he was recovering. (*Id.* at 10.) AECOM told Plaintiff that the termination was "for cause," and Plaintiff did not receive severance benefits. (*Id.* at 10–11.) Plaintiff was cleared to return to full-time work in the spring of 2017. (*Id.* at 11.)

Plaintiff filed the present action on December 12, 2018. (*See* Dkt. No. 1.) Plaintiff alleges that the termination of his employment violated state and federal employment protections and seeks compensatory damages for loss of wages, loss of employment benefits, and continuing medical coverage. (*See* Dkt. No. 21 at 10–11.) Plaintiff also seeks declaratory relief. (*See id.*)

On January 29, 2020, Defendants issued a subpoena to Plaintiff's physician, Dr. Douglas Trigg, seeking "a full and complete copy of all inpatient and outpatient records, notes, summaries, alcohol or drug testing or treatment records, evaluation reports, diagnostic test results, billing, receipts, prescription records, laboratory tests or results, mental health and all other medical records relating to Eric Lillywhite" (the "January subpoena"). (Dkt. No. 72-1 at 2.) The custodian of medical records at Dr. Trigg's office did not honor the subpoena, allegedly because the law firm referenced in Plaintiff's HIPAA release differed from the law firm that issued the subpoena. (Dkt. No. 71 at 3.) Plaintiff did not object to the scope of the January subpoena, (*see* Dkt. No. 67 at 5–6), and Defendants did not move to compel Dr. Trigg to comply with the subpoena.

On June 9, 2020, Defendants re-served the subpoena on Dr. Trigg with the correct law firm named (the "June subpoena"). (Dkt. No. 71 at 3.) The June subpoena required compliance by June 19, 2020. (Dkt. No. 72-3 at 2.) Plaintiff now moves to quash the June subpoena and moves for a protective order limiting the disclosure of his medical records.[1] (Dkt. Nos. 67, 69.)

## II.   DISCUSSION

### A.   Plaintiff's Motion for a Protective Order

Discovery motions are strongly disfavored. However, if the parties are unable to resolve their discovery issues, the requesting party may move for a protective order limiting the disclosure of information to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Any such motion must

---

[1] Since the parties have resolved the issues regarding Defendants' subpoena to Express Scripts, the Court focuses on the June subpoena issued to Dr. Trigg. (*See* Dkt. No. 72-3 at 2.)

ORDER
C18-1840-JCC
PAGE - 2

1  contain a certification

> that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

W.D. Wash. Local Civ. R. 26(c)(1).

Plaintiff's motion does not certify that he met and conferred with Defendants in-person or over the phone prior to filing his motion for a protective order. (*See generally* Dkt. No. 67.) Instead, Plaintiff's accompanying declaration includes copies of emails between both parties' counsel concerning Plaintiff's medical records with Dr. Trigg. (*See id.* at 18–33.) However, those emails do not refer to discussions on the same subject conducted in person or via telephone. (*See generally id.*) Because Plaintiff has not met and conferred with Defendants to resolve his objections before seeking action from the Court in accordance with Local Civil Rule 26(c), the Court DENIES Plaintiff's motion.

### B. Plaintiff's Motion to Quash

#### 1. Threshold Objections to Plaintiff's Motion to Quash

Defendants raise two threshold objections to Plaintiff's motion to quash. First, Defendants argue that Plaintiff's motion is untimely because Plaintiff failed to object to the January subpoena. (*See* Dkt. No. 73 at 3–4.) A party may quash or modify a subpoena "on timely motion." Fed. R. Civ. P. 45(d)(3)(A). The motion is timely when it is served "before the earlier of the time specified in the subpoena for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, Defendants never moved to compel Dr. Trigg to comply with the January subpoena, and Plaintiff identifies the June subpoena in his motion. (*See* Dkt. No. 69 at 2.) Plaintiff filed objections to the June subpoena six days after it was served and before the subpoena mandated compliance. (*See id.* at 1.) Defendants do not cite legal authority in support of their argument that Plaintiff waived his right to object to the June subpoena by not objecting

to an identical subpoena that Defendants never moved to enforce. As such, the earlier subpoena and any accompanying conduct are irrelevant, and Plaintiff's motion was timely.

Second, Defendants appear to argue that Plaintiff lacks standing to bring the motion. (*See* Dkt. No. 73 at 9.) Although the Ninth Circuit has not directly addressed the issue, a party is generally prohibited from objecting to a subpoena issued to a nonparty. *Doutherd v. Montesdeoca*, 2018 WL 3008867, slip op. at 2 (E.D. Cal. 2018); *Erickson v. Microaire Surgical Instruments LLC*, Case No. C08-5745-BHS, Dkt. No. 45 at 4 (W.D. Wash. 2010). However, district courts recognize that a party has standing to object to a nonparty subpoena if "the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2020); *see Nichols v. Geico Gen. Ins. Co.*, Case No. C18-1253-RAJ, Dkt. No. 67 at 3–4 (W.D. Wash. 2020). Here, Plaintiff has a "personal right" in the private medical records sought by the June subpoena. *See Anderson v. Clawson*, 2014 WL 3725856, slip op. at 2 (E.D. Cal. 2014) ("A party enjoys privacy rights in his medical records in general."); *cf. Whalen v. Roe*, 429 U.S. 589, 599–600 (1977). Thus, Plaintiff has standing to object to the subpoena. *See* Wright & Miller, *supra*, § 2459.

2. <u>Merits of Plaintiff's Motion to Quash</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

One method of discovery is a subpoena for documents. *See* Fed. R. Civ. P. 45(a)(1)(D). A subpoena for documents allows a party to obtain documents from a non-party to the same extent that the party can obtain documents from another party under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 45(a), advisory committee's note to 1991 amendment. Thus, a party may use a subpoena for documents to obtain discovery regarding any matter that is relevant, proportional to the needs of the case, and nonprivileged. *See* Fed. R. Civ. P. 26(b), 34(a). If a subpoena requires a party to produce material that is outside the bounds of permissible discovery, then the subpoenaed party or a non-subpoenaed party with standing may move to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A); *Nichols*, Case No. C18-1253-RAJ, Dkt. No. 67 at 3–4. The party seeking to quash or modify a subpoena bears the burden of showing that the subpoena should be quashed or modified. *See Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).

Here, the June subpoena is overbroad in both duration and breadth. The subpoena requests Plaintiff's "full and complete" medical record; this record ostensibly covers a period from 2009 to 2019, when Dr. Trigg was Plaintiff's primary care physician. (Dkt. No. 73 at 4.) Plaintiff's health record immediately after the accident is relevant to the present case, since a primary issue concerns Plaintiff's ability to return to work. (*See* Dkt. Nos. 21 at 15–16, 73 at 7–8.) Defendants do not establish how changes in Plaintiff's medical condition after he could return to work are relevant.[2]

---

[2] The Court acknowledges that Plaintiff may claim "garden variety emotional distress damages," (*see* Dkt. No. 68 at 32), and takes this opportunity to address discovery parameters relating to these claims. Plaintiff's medical records are not privileged because federal common law protects only confidential communications between licensed psychotherapists and their patients. *See Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *Whalen*, 429 U.S. at 602 n.28. Defendants may therefore inquire into Plaintiff's medical records to "examine the extent of [his] claim for damages and how [Defendants'] conduct impacted [him]." *See Scates v. Shenandoah Mem'l Hosp.*, 2016 WL 7379260, slip op. at 2 (W.D. Va. 2016). However, Defendants may not have unfettered access to Plaintiff's medical records. Instead, Defendants must engage in staged discovery by first using "narrowly-tailored interrogatories, requests for admissions, or deposition testimony that seek information related to psychological or mental-health records." *See John Doe*

Further, much of Plaintiff's pre-accident medical history is not relevant. Defendants argue that the information is relevant on two grounds: Plaintiff's prescription history might illustrate his drug use during employment and pre-existing medical conditions might have prevented his return to work. (*See id.* at 4–7.) Defendants did not attempt to tailor the subpoena to these areas of inquiry. Moreover, Defendants fail to adequately explain how records from the very beginning of Dr. Trigg's tenure as Plaintiff's primary care physician could reasonably bear on the events at issue in this case. Thus, Defendants' subpoena issued to Dr. Trigg is overbroad.

However, a narrower subpoena focused on Plaintiff's prescription history and pre-existing medical conditions might be appropriate. The Court declines to narrow the June subpoena itself because the Court cannot modify the subpoenas without effectively rewriting them. *See Simplex Mfg. Co. v. Chien*, Case No. C12-0835-RAJ, Dkt. No. 19 at 5–6 (W.D. Wash. 2012) (declining to modify overly broad subpoenas); *Hosseinzadeh v. Bellevue Park Homeowners Ass'n*, Case No. C18-1385-JCC, Dkt. No. 149 at 5 (W.D. Wash. 2020). If Defendants elect to rewrite the subpoena, they must do so consistent with this order.

## III.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a protective order (Dkt. No. 67) and GRANTS Plaintiff's motion to quash (Dkt. No. 69).

DATED this 5th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

*I v. Mulcahy, Inc*, 2008 WL 4572515, slip op. at 4–6 (D. Minn. 2008). If those initial discovery requests establish that Defendants need access to Plaintiff's medical record to respond to Plaintiff's claim of emotional distress damages, then Defendants may seek those records. *See id.*

ORDER
C18-1840-JCC
PAGE - 6