THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC LILLYWHITE,

                              Plaintiff,

        v.

AECOM, *et al.*,

                              Defendants.

CASE NO. C18-1840-JCC

ORDER

        This matter comes before the Court on AECOM, AECOM Technical Services, Inc.,

AECOM US Severance Plan, and URS Corporation's (collectively "Defendants") motion for

summary judgment (Dkt. No. 50); Plaintiff's motion for partial summary judgment (Dkt. No.

52); and Defendants' motion for leave to issue a third-party subpoena (Dkt. No. 77). Having

thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument

unnecessary and hereby GRANTs Defendants' motion for summary judgment, DENIES

Plaintiff's motion for partial summary judgment, and DENIES as moot Defendants' motion for

leave to issue a third-party subpoena for the reasons explained herein.

## I.      BACKGROUND

        This case involves a dispute between a Washington-based employee and his former

//

//

employer regarding his termination following his August 26, 2016 workplace accident.[1] The facts described below are undisputed. Plaintiff, an environmental scientist, was badly burned while working on assignment in a remote location in Alaska and was airlifted to Harborview Medical Center. (Dkt. Nos. 50 at 7, 52 at 1.) Approximately one month after Plaintiff was released from the hospital, Plaintiff had a thirty minute telephone conversation with Pam Levesque, Defendants' human resources representative, and Fred Merrill, Plaintiff's supervisor, where Plaintiff described the incident; Plaintiff also supplied his employer with a written incident report at that time. (Dkt. No. 50 at 7; 52 at 9.) Plaintiff was notified a few days later that he was being terminated for cause and would not be eligible for severance benefits due to his role in the accident leading to his injuries. (Dkt. Nos. 50 at 8, 52 at 9.)

Plaintiff originally sued Defendants AECOM, URS, and AECOM's Severance Plan, along with Does 1-40, in King County Superior Court. (Dkt. No. 1-2.) Those defendants removed the matter to this Court. (Dkt. No. 1.) Plaintiff amended his complaint to add ATS as a defendant and revise his claims. (Dkt. No. 21.) His amended complaint seeks the following: (1) damages for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and the Washington Family Leave Act ("WFLA"), Wash. Rev. Code § 49.78.010 *et seq*;[2] (2) declaratory relief under FMLA and WFLA; (3) damages for wrongful termination; (4) civil enforcement of severance benefits under the Employee Retirement and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); and (5) compensation and injunctive relief for a breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3). (Dkt. No.

---

[1] The parties dispute who Plaintiff worked for at the time of the accident. Plaintiff alleges he worked for AECOM "through" AECOM Technical Services, Inc. ("ATS"), "a related entity." (Dkt. No. 21 at 3.) Defendants assert Plaintiff worked directly for ATS at the time of the incident. (Dkt. No. 50 at 2.) It is undisputed that URS Corporation ("URS"), Plaintiff's prior employer, was acquired by ATS, a wholly owned subsidiary of AECOM, prior to the incident. (Dkt. Nos. 54 at 34, 45, 53; 55 at 27, 45, 62; 59-4 at 2.) Whether Plaintiff was an employee of AECOM or ATS has no bearing on the outcome of the pending motions before the Court.

[2] The Washington Family Leave Act was repealed and replaced in 2017 by the Family Medical Leave Act, Wash. Rev. Code § 50A.05 *et seq.*

1   21 at 16–20.)

2        Defendants move for summary judgment, seeking dismissal of all claims. (Dkt. No. 50.)

3   Plaintiff moves for partial summary judgment, seeking rulings that Plaintiff was entitled to

4   FMLA and severance benefits that his employer failed to provide. (Dkt. No. 52.) Plaintiff also

5   seeks an order dismissing Defendants' affirmative defenses. (*Id.*) Alternatively, Plaintiff seeks an

6   order treating specified facts as established. (*Id.*) Defendants also move for leave to issue a third-

7   party subpoena. (Dkt. No. 77.)

8   **II.   DISCUSSION**

9        **A.   Legal Standard – Summary Judgment**

10        "The court shall grant summary judgment if the movant shows that there is no genuine

11   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

12   Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute

13   about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

14   verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

15   In deciding whether there is a genuine dispute of material fact, the court must view the facts and

16   justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party.

17   *Id.* at 255. The Court is therefore prohibited from weighing the evidence or resolving disputed

18   issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). However,

19   "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-

20   moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*

21   *Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S.

22   253, 289 (1968)).

23        "The moving party bears the initial burden of establishing the absence of a genuine issue

24   of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to

25   carry its initial burden of production, the nonmoving party has no obligation to produce anything,

26   even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*

1   & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving

2   party properly supports its motion, the nonmoving party "must come forward with specific facts

3   showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587

4   (1986) (internal quotation omitted). Ultimately, summary judgment is appropriate against a party

5   who "fails to make a showing sufficient to establish the existence of an element essential to that

6   party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at

7   322.

8           **B.      FMLA and WFLA Claims**

9           Plaintiff alleges that his employer's investigation of the incident was unfair because he

10  was not given a meaningful opportunity to participate. (Dkt. No. 21 at 12–16.) He further alleges

11  that his termination for cause was pretextual: his employer claimed that he was terminated for

12  cause when, in fact, he was terminated (a) in retaliation for taking FMLA benefits and (b) so his

13  employer could avoid paying otherwise-required severance. (Id. at 12, 14.) Plaintiff argues these

14  actions, along with his employer's failure to provide employment upon his return from leave,

15  represent impermissible FMLA and WFLA interference actions. (Id. at 15–16.) Plaintiff moves

16  for partial summary judgment on these claims. (See Dkt. No. 52-1 at 2–4.) Defendants move for

17  summary judgment, seeking dismissal of Plaintiff's claims in their entirety.

18          The FMLA entitles an employee to "a total of 12 workweeks of leave during any 12-

19  month period" if the employee has "a serious health condition that makes the employee unable to

20  perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). An employer

21  may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right

22  provided" under the FMLA. 29 U.S.C. § 2615(a)(1). The WFLA "mirrors its federal counterpart

23  and provides that courts are to construe its provisions in a manner consistent with similar

24  provisions of the FMLA." Crawford v. JP Morgan Chase NA, 983 F. Supp. 2d 1264, 1269 (W.D.

25  Wash. 2013) (internal quotation omitted).

26  //

1

### 1.  Allegations Not Contained in Plaintiff's Complaint

2

Where a "'complaint does not include the necessary factual allegations to state a claim,

3

raising such claim in a summary judgment motion is insufficient to present the claim to the

4

district court.'" *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1087 (9th Cir.

5

2019) (quoting *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008)).

6

"Simply put, summary judgment is not a procedural second chance to flesh out inadequate

7

pleadings." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

8

Plaintiff argues for the first time in his motion for partial summary judgment that ATS

9

violated the FMLA by failing to provide him a general FMLA notice prior to his accident and

10

adequate notice of his FMLA eligibility following his accident. (Dkt. No. 52 at 11–17.) That

11

argument is not supported by allegations or claims contained in his amended complaint. (*See*

12

*generally* Dkt. No. 21.) In fact, the term "notice" is never used in Plaintiff's amended complaint.

13

(*Id.*) Plaintiff also argues in his motion for partial summary judgment, that his employer's refusal

14

to allow him to return to work on a reduced basis following his recuperation constituted an

15

adverse employment action pursuant to the FMLA and WFLA. (Dkt. No. 52 at 17–19.) While his

16

amended complaint does allege that his employer refused to allow him to return to work on a

17

reduced basis, Plaintiff never alleges in his amended complaint that such actions violate the

18

FMLA or WFLA. (*See* Dkt. No. 21 at 9, 15, 16, 17.)

19

While the pleading standard under Federal Rule of Civil Procedure 8 is liberal, the

20

complaint must contain sufficient allegations to "'give the defendant fair notice of what the

21

plaintiff's claim is and the grounds upon which it rests.'" *Pac. Coast Fed'n of Fishermen's*

22

*Ass'ns*, 945 F.3d at 1086 (quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th

23

Cir. 2006)). Plaintiff's amended complaint fails to meet this standard for these allegations. The

24

Court DENIES Plaintiff's motion for partial summary judgment regarding Defendants' failure to

25

provide adequate FMLA and WFLA notice and Defendants' refusal to allow Plaintiff to return to

26

work on a reduced basis.

1

2.    <u>Employer Notice</u>

2          Defendants, in moving for summary judgment, first argue that Plaintiff never exercised

3    his FMLA and WFLA rights because he never notified his employer that he intended to exercise

4    them. (*See generally* Dkt. No. 50.) Accordingly, Plaintiff cannot now claim that AECOM and

5    ATS interfered with and restrained his FMLA and WFLA rights. (*Id.*) "An employee must

6    comply with the employer's usual and customary notice and procedural requirements for

7    requesting leave, absent unusual circumstances." 29 C.F.R. § 825.303(c). That can include

8    "requir[ing] employees to call a designated number" or speaking with "a specific individual to

9    request leave." *Id*. If an employee requires unanticipated FMLA benefits, the employee must

10   provide notice "as soon as practicable under the facts and circumstances of the particular case."

11   29 C.F.R. § 825.303(a). "[I]f an employee requires emergency medical treatment, he or she

12   would not be required to follow the [employer's] procedure until his or her condition is

13   stabilized." 29 C.F.R. § 825.303(c). "Notice may be given by the employee's spokesperson (e.g.,

14   spouse, adult family member, or other responsible party) if the employee is unable to do so

15   personally." *Id.*

16         Plaintiff's employer's usual and customary procedure was to call Cigna, its third-party

17   administrator. Given the evidence Defendants put forth, and the lack of evidence provided by

18   Plaintiff, there is no genuine dispute of material fact on this issue. Nor is there a genuine dispute

19   of material fact whether Plaintiff was made aware of his employer's procedure. Plaintiff's

20   employer's benefits department e-mailed Plaintiff a "Year-End 'To-Do' List" in December 2015.

21   (Dkt. No. 59-12 at 2, 5.) In that e-mail were instructions to contact Cigna for any future FMLA

22   request. (*Id.* at 2, 8.) Moreover, AECOM's Employee Handbook[3] indicated that all FMLA

23   requests should be made by telephone to Cigna. (Dkt. No. 51-4 at 63). In addition, Plaintiff's

24

25         [3] There is no genuine dispute that Plaintiff had access to the Handbook through the
26   company intranet and was e-mailed a link to the Handbook in March 2016. (Dkt. No. 59-9 at 2,
     3, 32.)

ORDER
C18-1840-JCC
PAGE - 6

employer posted documents prepared by Cigna describing how to seek FMLA benefits in each of its office locations.[4] (Dkt. No. 51-7 at 2–5.) Finally, Ms. Levesque called Plaintiff on September 2, 2016 and left him a voicemail reminding him that if he wished to seek FMLA leave, he would need to contact Cigna to do so.[5] (Dkt. No. 51-4 at 2–3.) Ms. Levesque's testimony is supported by a follow-up e-mail that same day. (Dkt. No. 51-4 at 2, 3, 84.)

Plaintiff argues that he did not need to follow his employer's usual and customary notice because he was receiving workers' compensation benefits. (Dkt. No. 60 at 10, 11, 13, 15.) Plaintiff, in making this argument, relies on the following provision contained within AECOM's Employee Handbook:

> **Workers' Compensation**
> Employees must report any injury incurred on the job to their supervisor immediately. AECOM will report the injury to the workers' compensation insurance carrier. FMLA must be used concurrent with any leave related to a workers' compensation injury.

(Dkt. No. 51-4 at 64.) Plaintiff argues that, based upon this provision "AECOM's policy was to waive the employee notification of FMLA . . . for properly reported workers' compensation injuries." (Dkt. No. 60 at 11.) The Court concludes that this provision does not support Plaintiff's argument. It was contained in the workers' compensation section of the Employee Handbook—a document that also directs employees to contact Cigna any time the employee seeks to utilize FMLA benefits.[6] No rational trier of fact would read the provision Plaintiff points to, along with

---

[4] While Plaintiff argues that he was frequently in the field and may not have had access to office postings, this is belied by the evidence Defendants produced. Plaintiff badged into the office the majority of the days in 2016. (Dkt. No. 59-9 at 2–18.)

[5] Plaintiff indicates that he "does not dispute the call was made" but "its contents are not known." (Dkt. No. 64 at 10 n.14.)

[6] The full text of the FMLA notice provision is as follows:

**Request for family medical leave.** The employee is required to give at least 30 days' notice if the need for leave is foreseeable. Otherwise, the employee must give notice as soon as possible. Please call Cigna at 855-710-1903 to provide notice of family medical leave. The employee will be asked to indicate the expected duration of the leave. If the employee or the ill family member recovers

the FMLA provision in the same document, and conclude that FMLA notice need not be given for those employees seeking FMLA leave who are also receiving workers' compensation benefits.

Plaintiff also makes various arguments suggesting that he gave appropriate notice. None have merit. First, Plaintiff asserts that a September 2, 2016 e-mail from Ms. Levesque to Plaintiff constitutes notice. (Dkt. No. 60 at 11.) In that message, Ms. Levesque states that she "hope[s] you got my message regarding [FMLA]. Please remember to contact Cigna as soon as possible to get your leave started." (Dkt. No. 51-4 at 84.) No rational jury could conclude that a reminder from his employer that Plaintiff must give notice constitutes notice *by an employee*. Next, Plaintiff claims in deposition testimony that someone reached out to Cigna to request FMLA benefits on his behalf but he does not know who. (Dkt. No. 51-1 at 46.) This does not meet the evidentiary standard to survive summary judgment.[7] *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (1986) In his briefing, Plaintiff claims that his spouse called, but he provides no testimony or other evidence to support that claim. (Dkt. No 64 at 10 n.13). Again, this falls short of the evidentiary standard required to avoid summary judgment. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (1986) Finally, Plaintiff argues that his employer waived its FMLA notice requirements when it did not notify Plaintiff in writing regarding his termination. (Dkt. No. 51-4 at 39.) The Court fails to see the relevance, for purposes of demonstrating whether Plaintiff met his obligation to notify his employer of his desire to utilize FMLA benefits, of what procedures his employer utilized in notifying Plaintiff of his termination.

Absent any proof of FMLA notice, Plaintiff's claims of interference with and restraint of his FMLA and WFLA leave rights, including his employer's alleged failure to provide

---

earlier than anticipated, the employee will be expected to return to work as soon as recovery is complete or care is no longer required.

(Dkt. No. 51-4 at 63.)

[7] Moreover, Defendants provide evidence that no such communication was received by Cigna. (*See* Dkt. Nos. 51-5 at 2–3; 51-6 at 2, 5.)

employment upon his return from FMLA leave, are not supportable. Accordingly, the Court DENIES Plaintiff's motion for partial summary judgment on his remaining FMLA and WFLA claims, namely that ATS impermissibly denied his request for intermittent leave, interfered with his leave by asking him to perform services while on leave, and unlawfully denied his request for a limited to return to work. The Court GRANTS summary judgment to Defendants on Plaintiff's FMLA and WFLA related claims. Plaintiff's First and Second[8] Causes of Action, as described in his Amended Complaint, are DISMISSED with prejudice.

### C.   Wrongful Termination Claim

Plaintiff also alleges that he was terminated in violation of public policy. (Dkt. No. 21 at 18–19.) Defendants move for summary judgment on this claim. (Dkt. No. 50 at 16–17.) "The tort for wrongful discharge in violation of public policy is a narrow exception to the at-will doctrine." *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081 (Wash. 1984). "To state a cause of action, the plaintiff must plead and prove that his or her termination was motivated by reasons that contravene an important mandate of public policy." *Id.* In Washington, it is generally accepted that wrongful discharge claims are limited to four public policy concerns:

> (1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistle blowing.

*Becker v. Cmty. Health Sys., Inc.*, 359 P.3d 746, 749 (Wash. 2015). "Under each scenario, the plaintiff is required to identify the recognized public policy and demonstrate that the employer contravened that policy by terminating the employee." *Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1142 (Wash. 2015).

Washington uses a burden-shifting framework. *Id.* "The first step . . . is for [a] plaintiff to

---

[8] No remaining substantial controversy exists regarding Plaintiff's FMLA and WFLA benefits and, therefore, declaratory relief is inappropriate. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) (the Declaratory Judgment Act "is operative only in respect to controversies.").

make out a prima facie case for retaliatory discharge," i.e., that "there is a causal connection between the exercise of the legal right and the discharge." *Wilmot v. Kaiser Alum. & Chem. Corp.*, 821 P.2d 18, 28 (1991). If the employer provides a legitimate reason for termination, the burden shifts back to the employee to offer evidence to show that the nonretaliatory reason was pretextual. *Id.* "For summary judgment purposes, this is a burden of production, not persuasion, and the plaintiff need only offer sufficient evidence to create a genuine issue of material fact." *McFarland v. BNSF Ry. Co.*, 2017 WL 2218332, slip op. at 3 (E.D. Wash. Feb. 2, 2017) (citation omitted).

In his amended complaint, Plaintiff alleges that his termination for cause was pretextual. Specifically, Plaintiff alleges that he was terminated so his employer could avoid payment of severance benefits and/or to retaliate for taking FMLA benefits. (Dkt. No. 21 at 12, 14–15, 18.) But, as previously discussed, Plaintiff does not present any evidence showing that he notified his employer that he intended to utilize FMLA benefits. *See supra* Part II.B.2. Therefore, that portion of his pretext claim is moot and need not be addressed within the context of his wrongful termination claim.

Plaintiff asserts that he was an ATS employee and was eligible for benefits under AECOM's Severance Plan. (Dkt. No. 21 at 5.) According to the Plan, benefits accrue to employees who are terminated due to a lack of work, reduction in force, or elimination of their position. (*See* Dkt. No. 59-4 at 91.) No benefit is due to employees terminated for cause. (*Id.*) Employees with more than nine years of service, like Plaintiff, are entitled to ten weeks of severance pay. (*Id.* at 100.) Collecting severance pay is undoubtedly a legal right or privilege. Therefore, the burden-shifting approach described above applies and Plaintiff has arguably established a prima-facie case for retaliation. However, Defendants provide a legitimate reason for Plaintiff's termination: Plaintiff was terminated for his poor judgment and failure to follow company safety policies and practices, ultimately leading to an accident resulting in serious injuries to him, injuries to his coworker, and a risk of injury to the public. (Dkt. Nos. 50 at 7–8;

1  51-2 at 6; 51-4 at 4.) It is uncontroverted that Plaintiff attempted to dispose of unused methanol,

2  a highly flammable substance, by boiling and evaporating it on a kitchen stove, a dangerous

3  activity that was inconsistent with standard safety procedures. (Dkt. Nos. 50 at 6; 62 at 116–39.)

4  Therefore, Plaintiff must produce *some* evidence to show that this nonretaliatory reason

5  was pretextual. Plaintiff provides none, other than mere allegations which are contradicted by

6  Plaintiff's own deposition testimony. Plaintiff testified in his deposition that he *did not* believe a

7  desire to avoid paying severance benefits was a motivating factor in his employer's decision to

8  terminate him for cause. (Dkt. No. 59-1 at 51.)

9  Accordingly, the Court GRANTS summary judgment to Defendants on the Third Cause

10  of Action in Plaintiffs' Amended Complaint. That claim is DISMISSED with prejudice.

11  **D.   ERISA Claims**

12  It is undisputed that AECOM's severance plan is governed by ERISA. (Dkt. Nos. 50 at

13  18; 52 at 21.) The plan provides ten weeks of severance pay for employees who have been with

14  the company at least nine years. (Dkt. No. 51-4 at 101.) However, no payment is due to

15  employees terminated for cause. (*Id.* at 91.) Plaintiff's remaining claims seek enforcement of the

16  benefits allegedly due to him under AECOM's Severance Plan pursuant to 29 U.S.C. section

17  1132(a)(1)(B) and injunctive relief, in accordance with 29 U.S.C. section 1132(a)(3). (Dkt. No.

18  21 at 19–20.) Defendants, in their motion for summary judgment, seek dismissal of Plaintiff's

19  ERISA claims in their entirety. (Dkt. No. 50 at 18–20.)

20  Plaintiff alleges that his employer failed to provide him the severance payment required

21  under the plan. (Dkt. No. 21 at 19–20.) As previously discussed, *see supra* Part II.C., Defendants

22  put forth sufficient uncontroverted evidence to indicate that Plaintiff was terminated for cause.

23  Therefore, there is no basis for Plaintiff's claim for unpaid severance payments brought under 29

24  //

25

26

U.S.C. section 1132(a)(1)(B).[9] Summary judgment to Defendants is warranted on this issue.

In his motion for partial summary judgment, Plaintiff argues that he is entitled to summary judgment because the plan administrator and plan fiduciary did not distribute the plan description to Plaintiff as required by ERISA. (Dkt. No. 52 at 21–22.) Plaintiff also alleges that the severance plan administrator failed to provide him a required copy of the summary plan description, both prior to and following his termination. (Dkt. No. 21 at 20.)

An ERISA plan administrator must provide a summary plan description to each participant covered by the plan. 29 C.F.R. § 2520.104b-2. The administrator must do so using "measures reasonably calculated to ensure actual receipt of the material by plan participants." 29 C.F.R. § 2520.104b-1. Defendants argue they complied with this regulation by providing Plaintiff with the plan description through an electronic link in the Employee Handbook and on the company intranet. (Dkt. No. 58 at 13.) Neither satisfies ERISA. *See* 29 C.F.R. § 2520.104b-1 (merely placing copies of the summary description in locations frequented by a participant does not constitute adequate disclosure). Even so, Plaintiff seeks injunctive relief for himself. (*See* Dkt. No. 21 at 20.) This is not permitted under 29 U.S.C. § 1132(a)(3), which only provides equitable relief on behalf of the plan. *Parker v. BankAmerica Corp.*, 50 F.3d 757, 768 (9th Cir. 1995). Therefore, summary judgment to Defendants is warranted on this issue as well.

Accordingly, the Court DENIES summary judgment to Plaintiff and GRANTS summary judgment to Defendants on Plaintiff's Fourth and Fifth Causes of Action. These claims are DISMISSED with prejudice.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 50) is

//

---

[9] Moreover, Defendant also puts forth sufficient evidence to demonstrate that Plaintiff failed to exhaust administrative remedies. (*See* Dkt. No. 51-1 at 50–51; 51-4 at 4–5.) This is an independent basis for denial of this claim. *See Diaz v. United Agr. Employee Welfare Ben. Plan & Tr.*, 50 F.3d 1478, 1484 (9th Cir. 1995).

1    GRANTED and Plaintiff's motion for partial summary judgment (Dkt. No. 52) is DENIED.[10]

2    Defendants' motion for leave to issue a third-party subpoena (Dkt. No. 77) is DENIED as moot.

3         DATED this 3rd day of November 2020.

4

5

6                                                                _____

7                                                                John C. Coughenour
                                                                 UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   ─────────────────────
         [10] Plaintiff's request for dismissal of Defendants' affirmative defenses is moot and need
26   not be addressed here. (Dkt. No. 52 at 22–27.)

ORDER
C18-1840-JCC
PAGE - 13