THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC LILLYWHITE, | CASE NO. C18-1840-JCC |
| Plaintiff, | ORDER |
| v. | |
| AECOM, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for amended and additional findings and to amend judgment in Defendants' favor (Dkt. No. 86). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

In his amended complaint, Plaintiff, who was injured in a workplace accident, alleged that he was wrongfully terminated following his accident and that the circumstances associated with his termination resulted in violations of the Family Medical Leave Act of 1993 ("FMLA") and the Washington Family Leave Act ("WFLA"), as well as the Employee Retirement and Security Act of 1974 ("ERISA"). (Dkt. No. 21 at 16–20.) The Court issued summary judgment in Defendants' favor on all claims after finding no dispute as to a material fact and that Defendants were entitled to judgment as a matter of law for each claim. (Dkt. No. 84 at 4–12.) Plaintiff, in asking the Court to amend its findings and judgment, asserts that the Court

misapprehended and overlooked facts and made legal errors in considering arguments central to Plaintiff's claims. Plaintiff moves pursuant to Federal Rules of Civil Procedure 52(b) and 59(e) to amend the Court's findings on summary judgment and the resulting judgment. (Dkt. No. 87 at 5.)

A Rule 59(e) motion is appropriate if the Court committed "clear error" or "is presented with newly discovered evidence." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Motions under Rule 52(b) are a means of "correct[ing] findings of fact which are central to the ultimate decision." *Crane-McNab v. Cnty. of Merced*, 773 F. Supp. 2d 861, 873 (E.D. Cal. 2011). Because findings of fact are unnecessary in deciding summary judgment motions, there is no basis for a motion brought pursuant to Rule 52(b). *See* Fed. R. Civ. P. 52(a)(3); *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986). The Court addresses below the alleged misapprehensions and errors forming the basis of Plaintiff's Rule 59(e) motion.

Plaintiff first argues that the Court misapprehended his ERISA § 502(a)(3) claim as one brought under ERISA § 502(a)(2) and that the Court overlooked his ERISA § 510 claim entirely. (Dkt. No. 87 at 5.) But these claims are effectively mooted if Plaintiff was terminated for cause, and the Court found that Defendant provided uncontroverted evidence supporting this fact. (*See* Dkt. No. 84 at 11.) Therefore, even if Plaintiff were able to prove a technical ERISA violation under § 502(a)(3), he would not have been harmed by this violation. And Plaintiff's failure to refute Defendants' allegation that he was terminated for cause forecloses a claim based on an alleged violation of § 510. Therefore, Plaintiff fails to demonstrate that the Court committed clear error in dismissing Plaintiff's ERISA-based claims.

Plaintiff next argues that the Court misapprehended the facts and committed legal error in considering his FMLA and WFLA claims. (Dkt. No. 87 at 8–13.) Centrally at issue is the Court's determination that Plaintiff failed to present adequate evidence that he tendered effective FMLA and WFLA notice to his employer, in light of the evidence presented by Defendants that calling CIGNA was the employer's "usual and customary" procedure and that Plaintiff did not follow

1 this procedure. 28 C.F.R. § 825.303(c). Plaintiff presents no newly discovered evidence on this

2 issue, nor does Plaintiff identify clear error in the Court's determination that Plaintiff failed to

3 utilize Defendant's usual and customary procedure. Instead, Plaintiff makes baseless and

4 irrelevant arguments. Such arguments do not provide a basis to amend a judgment.

5   Finally, Plaintiff takes issue with the Court's holding on his wrongful termination claim.

6 But again, the Court previously found that Defendant provided uncontroverted evidence that

7 Plaintiff was terminated for cause. (*See* Dkt. No. 84 at 11.) This forecloses any of the wrongful

8 termination arguments that Plaintiff now raises.

9   For the foregoing reasons, Plaintiff's motion to make amended and additional findings

10 and to amend judgment in Defendants' favor (Dkt. No. 86) is DENIED.

11   DATED this 23rd day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE